**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────

**MARCO POLO SHIPPING CO. PTE. LTD.,**

               Plaintiff,         08 Civ. 10940 (JGK)

      - against -              **MEMORANDUM OPINION AND ORDER**

**SUPAKIT PRODUCTS CO. LTD.,**

               Defendant.
────────────────────────────────

**JOHN G. KOELTL, District Judge:**

On December 17, 2008, the plaintiff, Marco Polo Shipping Co. Pte. Ltd. (the "plaintiff"), filed a verified complaint against defendant Supakit Products Co. Ltd. (the "defendant"), alleging a claim for breach of a charter party in the amount of $141,170.63, and seeking an ex parte order of attachment in aid of a Singapore arbitration (the "Verified Complaint"). On the same day, the Court reviewed the Verified Complaint and attorney affidavit and, after determining that the conditions of Rule B of the Supplemental Rules of Admiralty and Maritime Claims appeared to exist, entered an order authorizing process of maritime attachment and garnishment against the defendant's assets. The Court also ordered that, if no assets were attached within sixty days, the order would automatically expire unless prior thereto the plaintiff submitted a detailed affidavit establishing good cause for an extension, not to exceed another sixty days.

The plaintiff has now submitted an application requesting the Court to allow the attachment to be maintained for an additional sixty days. The plaintiff states in an attached attorney affidavit that the plaintiff has not yet been successful in restraining any of the defendant's assets. However, the plaintiff states that it "has no reason to believe Defendant Supakit is no longer doing business," and that the defendant has previously conducted its business in United States dollars. On these grounds, the plaintiff maintains that there is a "viable potential" that funds belonging to the defendant could be restrained in the near future.

In order to obtain an attachment, apart from satisfying the filing and service requirements of Rules B and E, the plaintiff must show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006); Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 278 (S.D.N.Y. Oct. 23, 2006).

Under Rule B, the plaintiff or the plaintiff's attorney may allege "on information or belief" that the defendant cannot be found within the district. Fed. R. Civ. P. Supp. R. B(1)(b).

However, the Supplemental Rules are silent on the standard of proof for the other requirements of a Rule B attachment, including the requirement that the defendant's property may be found within the district.  Rule B merely provides that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment."  Id.

Under Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 273 (2d Cir. 2002), a court may issue an attachment even if the plaintiff only anticipates that the defendant's funds will pass through the district at some unknown future time.  See also Rizzo-Bottiglieri de Carlini Armatori S.P.A. v. Industrial Carriers, Inc., No. 08 Civ. 8391, 2008 WL 4615854, at *1 n.7 (S.D.N.Y. Oct. 14, 2008).  It is unclear, however, what showing a plaintiff must make that the defendant's funds will pass through the district at some future time.

The plaintiff appears to take the position that any likelihood short of impossibility that the defendant's funds could be restrained in the future is sufficient to meet the requirement that the defendant's property be found within the district.  However, in almost every case, there will be a "viable potential" that a defendant may transfer funds through a New York bank, and requiring so little to be shown for an

3

attachment to issue renders the third requirement of Aqua Stoli almost meaningless.  It is plain that a plaintiff must at least set forth enough facts to render it plausible that the defendant's funds will be present in the district at some future time.  See Chung Lin Marine Serv. Corp. v. China Chance Shipping Ltd., No. 08 Civ. 10741 (S.D.N.Y. Dec. 12, 2008) (order denying application for Process of Maritime Attachment and Garnishment); but see Cala Rosa Marine Co. Ltd. v. Sucres Et Deneres Group, No. 09 Civ. 425, 2009 WL 274486, at *4-5 (S.D.N.Y. Feb. 4, 2009) (granting application for an attachment despite noting that the plaintiff had not shown any reason to believe that the defendant's property would be in the United States before the completion of arbitration, but denying application for a continuous service provision).

    The plaintiff's allegations fail to meet this standard.  The fact that the defendant is still actively doing business and at some point in the past has conducted its business in United States dollars may mean that the defendant could transfer funds through a New York bank in the future, but it hardly makes it plausible that it actually will.  Moreover, the plaintiff's attorney indicates that the plaintiff has been unsuccessful in restraining any funds in the last sixty days, a further fact that suggests that the defendant is unlikely to transfer funds through a New York bank in the next sixty days.  Because the

4

Court finds that the requirement that the defendant's property be found in the district has not been met, the plaintiff's application to maintain this action and the attachment for an additional sixty days is **denied**.

The plaintiff agreed at argument that the only purpose for this lawsuit is to obtain security and that if the Court vacated the attachment, the lawsuit should be dismissed without prejudice. Because there is no longer a basis for the lawsuit, it should now be **dismissed without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice and clsoing the case.

SO ORDERED.

Dated: New York, New York
       March 4, 2009

_____
John G. Koeltl
United States District Judge